■ JAMES L. HORN, Respondent, v. ELBERT R. COOLEY, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the County Court, entered March 27, 1967 in Schenectady County, which denied a motion to dismiss the complaint for lack of prosecution. A mere recitation of the time table impels us to the determination that the inordinate delay in the prosecution of this action requires the granting of the motion to dismiss. The accident occurred on June 6, 1960 and the summons was served on August 11, 1960. Defendant promptly served a notice of retainer and demand for the complaint. Plaintiff failed to comply with the demand and on October 4 an order dismissing the action was granted if plaintiff failed to file his complaint within 10 days, which was thereafter served on the tenth day. On the next day an answer and demand for a bill of particulars were served. The bill of particulars not being timely furnished, defendant obtained a conditional preclusion order on January 9, 1961 permitting service in 10 days. A purported bill of particulars was

filed on January 18, 1961. After four unsuccessful attempts to schedule an examination before trial between January 25, 1962 and May 2, 1963, defendant's motion to dismiss the complaint was granted unless plaintiff submitted to the examination before trial. On July 10, 1963 a note of issue was filed and the case remained on the General Calendar until May, 1965 when it was placed on the Day Calendar. It was subsequently transferred to the Schenectady County Court where it remained on the General Calendar until December 13, 1965 when it was added to the Deferred Calendar because of plaintiff's failure to move the case for trial. On March 3, 1967 defendant moved for an order of dismissal for failure to prosecute which was denied. No 45-day demand was served by the defendant and under the facts here presented, none was required. Under the facts of gross delay displayed by the unhappy chronology of events, a note of issue having been filed, the demand was not necessary. (*Commercial Credit Corp.* v. *Lafayette Lincoln-Mercury,* 17 N Y 2d 367.) Such inexcusable delays cannot be condoned. Although a belated claim has been made that an affidavit of merits was filed, it appears that one may have been furnished to the court but, strangely enough, it has never been served upon the defendant. As stated in *Hamilton* v. *Dudley* (27 A D 2d 701), " one asking for excuse for great delay in prosecution comes with a heavy burden of explanation (*Goldstein* v. *Wickett,* 3 A D 2d 135; *Walker* v. *Ferri,* 5 A D 2d 24; *Nicotera* v. *Aliasso,* 22 A D 2d 758; *Gino* v. *Syracuse Mem. Hosp.,* 23 A D 2d 964)." This burden has not been met. The denial of defendant's motion after such a lapse of time was an improvident exercise of discretion. While the court below implied that excusable delay and a meritorious cause of action were demonstrated, its decision does not display any facts or foundation for such a declaration. (See *Abare* v. *Moore,* 27 A D 2d 147.) Order reversed, on the law and the facts, and motion granted, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.